UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ARTHUR E. LANGTON

Plaintiff

v. C.A. NO. CA 05 404S

MCDONALD'S CORPORATION &
LONQUIST MANAGEMENT CO., LLC.,

Defendants

**VERIFIED COMPLAINT**

INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by ARTHUR LANGTON (hereinafter "Plaintiff" or "Langton") against MCDONALD'S CORPORATION and LONQUIST MANAGEMENT CO., LLC., (hereinafter "Defendants" or "Employer") in order to remedy and seek relief for sexual harassment and discrimination based on gender in regard to terms, conditions, and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws 28-5-1 et seq. ("RIFEPA"), and the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws 42-112-1 et seq. ("RICRA"), including certain common law claims.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 2201, and 2202; 42 U.S.C.S. §§2000e-1 et seq.; R.I.G.L. 42-112-2; R.I.G.L. 28-5-24.1.

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's federal law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Pursuant to 28 U.S.C. 1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3), venue is proper in this district because:

a. The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business: "McDonald's Restaurant" located at 736 Branch Avenue in Providence, Rhode Island;

c. the Plaintiff would currently be enjoying all rights, benefits, and privileges of his employment, as a full-time employee of Defendants, at their Providence, Rhode Island facility, but for the Defendants' unlawful practices.

4. On or about February 4, 2005, Langton filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Commission ("EEOC"), alleging that he had been subjected to acts of sexual harassment and retaliation, and had been discriminated against on the basis of his gender—RICHR #05ESE156-06/50; EEOC #16JA500090.

5. At Plaintiff's request, the RIHRC and the EEOC issued Notices of Right To Sue. (Attachment A&B.)

6. Plaintiff has timely filed this action within ninety (90) days of his receipt of federal and state Right To Sue notifications, and has fulfilled all conditions precedent to the institution of this action under federal and/or state law.

THE PARTIES

7. The Plaintiff, Arthur Langton ("Langton" or "Plaintiff"), an individual, is a resident of the town of Providence, RI.

8. Plaintiff Langton is a "person" within the meaning of R.I.G.L. §§28-5-6 (1) and R.I.G.L. 42-112-1, et seq.; is an employee within the meaning of 42 U.S.C.S. 2000e(f) and R.I.G.L. 28-5-6 (C); and is an "individual" within the meaning of 42 U.S.C. 2000e-2(a).

9. On information and belief, the Defendant, Lonquist Management Co., LLC ("Defendant" or "Employer"), is a domestic corporation with an executive office and principle place of business at 151 Fairfield Road, North Kingstown, Rhode Island 02852, and conducts business in the state of Rhode Island in the area of managing and operating restaurants including McDonalds. On information and belief, the Defendant McDonalds Corporation is a foreign corporation with an office and principal place of business at 2915 Jorie Boulevard, Oak Brook, Illinois 60523. The Defendants are sufficiently joined and intertwined in terms of ownership, corporate direction, financial matters, workplace policies and practices, and other indicia of common ownership and control to be determined to be a single employer or, in the alternative, joint employers for the purposes of all claims at issue in this action, to be held jointly and severally liable.

10. Plaintiff worked at a facility owned, operated, and/or controlled by one or both of the above-referenced Defendants located at 736 Branch Ave.; Providence, RI and named McDonald's Restaurant.

11. At all times material to the allegations of this Complaint, the Defendants have continuously, and do now, employ at least 50 or more employees in the State of Rhode Island.

12. At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of pertinent federal statutes.

13. At all times material to the allegations of this Complaint, Defendants were and are "employers" within the meaning of that term as applicable in pertinent federal and state statutes, and as that term is applicable to pertinent provisions of Title VII.

14. Langton is an "individual" within the meaning of pertinent provisions defining that term under pertinent federal and state statutes and as that term in applicable to pertinent provisions of Title VII.

15. At all times material to this action, the Defendants were an employer covered under the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990) and R.I.G.L. § 28-5-1- et seq. (The Rhode Island Fair Employment Practices Act). At all times material to this action, Plaintiff was protected under the terms of R.I.G.L. § 42-112-1 et seq. and R.I.G.L. § 28-5-1 et seq.

FACTS APPLICABLE TO EACH COUNT

16. Langton is a male.

17. Langton was employed for the Defendants for approximately thirty-four months.

18. Langton was employed in the position of cashier and prep worker, while on occasion functioned in the position of trainer.

19. At all times, Langton maintained a satisfactory performance record, meeting or exceeding the employers' legitimate expectations.

20. Langton's last day of work was October 15, 2004, when he was constructively discharged by the Defendants.

21. During his employment, Langton was compelled to work in a hostile environment, characterized by conduct of an egregious, pervasive, frequent, sexually-oriented nature.

22. Such conduct has included grossly inappropriate actions perpetrated by a former store manager, a current assistant store manager, and at least two other co-workers of the Plaintiff, on a repeated and consistent basis.

23. Such misconduct included but was not limited to the individuals referred to in the previous Paragraph:

a. suggesting that Plaintiff wear a dress and get a matching purse;

b. making inappropriate sexual comments;

c making claims regarding Plaintiff's sexual orientation;

d. placing tubes and rods at waist level, to simulate genitals, and claiming that Plaintiff "wanted some of it";

e. discussing details of ejaculation and masturbation;

f. making sexual, suggestive pelvic thrusts towards Plaintiff;

g. suggesting Plaintiff visit a gay nightclub;

h. telling sexual and graphically obscene jokes directly to Plaintiff and in Plaintiff's presence;

i. suggesting Plaintiff was gay and that he should join certain employees in sexually explicit acts;

j. moaning in Plaintiff's ear in a sexual manner;

k. filling rubber gloves with water to simulate condoms;

l. rolling up straws with Coca-Cola to simulate an erection;

m. making inappropriate comments that Plaintiff was gay and just "not out of the closet"; and

n. assaulting Plaintiff by touching Plaintiff's buttocks.

24. The above-referenced misconduct occurred on a continual basis in the workplace.

25. Plaintiff consistently objected to such misconduct to numerous supervisory personnel and made it clear that he did not welcome or condone such behavior and that he found such conduct offensive.

26. Plaintiff did not participate in the conduct referenced in Paragraph 21, above, did not invite it, and was deeply offended by it.

27. Plaintiff objected regarding such misconduct directly to the alleged perpetrators, some of whom were management personnel, and to his supervisors, but the misconduct did not stop and no corrective action was taken. In fact, the misconduct at issue worsened.

28. On October 15, 2004, in light of the retaliation and mistreatment to which Plaintiff was subjected, which no reasonable person could have been expected to continue to endure, Plaintiff had no choice but to relinquish his employment and consider himself constructively terminated.

29. To date, Plaintiff believes that no remedial action whatsoever has been taken by the employer to remedy the work environment at which he complained, and that no corrective action has been instituted against the alleged perpetrators.

30. The Rhode Island Department of Labor and Training which has held that the Plaintiff left his job with good cause, and awarded him full unemployment benefits.

31. The Defendants have intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on gender, and have retaliated against the Plaintiff for asserting his rights to a lawful work environment.

32. The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of his gender.

33. The wrongful actions by Defendants that Langton complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

## COUNT I
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## HOSTILE ENVIRONMENT
## CONSTRUCTIVE DISCHARGE
## AND RETALIATION BASED ON GENDER
## RHODE ISLAND CIVIL RIGHTS ACT OF 1990
## R.I.G.L. 42-112-1 ET SEQ.

34. Paragraphs 1-33, above, are herein incorporated by reference in their entirety.

35. By its conduct, Defendants have discriminated against Plaintiff on the basis of his sex, in the terms and conditions of his employment, in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with his right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b. depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c. treating him in a hostile manner, and forcing him to work in a hostile, demeaning, and sexually-threatening environment based on his sex; and

d. causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his reputation and professional mobility.

36. As the direct, foreseeable, and intended result of Defendants' unlawful discrimination, Langton has suffered lost wages, benefits, irreparable harm to his good and valuable personal and professional reputation, as well as other damages, now and in the future, including severe and extreme emotional distress, with resulting physical and emotional manifestations.

37. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Langton's gender. Such practices include, but are not limited to, Defendants':

a.) subjecting Langton to discriminatory terms and conditions of employment because of his gender, and creating and tolerating a hostile work environment;

b.) retaliating against Langton for asserting his rights to be free from discrimination based on gender;

c.) constructively discharging Langton.

38. But for the Defendants' intent to discriminate against Plaintiff because of his gender, Defendants would not have subjected him to discriminatory terms and conditions of employment, created and tolerated a hostile work environment, retaliated against him, or constructively discharged him.

39. The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender. The Defendants' conduct has unlawfully denied Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused harm to his reputation; and has caused him humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT II
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
HOSTILE ENVIRONMENT
CONSTRUCTIVE DISCHARGE
AND RETALIATION BASED ON GENDER

RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
R.I.G.L. § 28-5-1 et seq.

40. Paragraphs 1-33 above are herein incorporated by reference in their entirety.

41. Defendants willfully engaged in a policy or practice of discriminating against Plaintiff in violation of the RIFEPA.

42. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA by:

a.) interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b.) depriving his of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c.) treating him in a hostile, demeaning, and otherwise unlawful manner based on his gender;

d.) causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his personal and professional reputation.

43. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Langton's gender. Such practices include, but are not limited to, Defendants':

a.) subject Plaintiff to discriminatory terms and conditions of employment;

b.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of his gender;

c.) retaliating against Plaintiff for asserting his rights to be free from discrimination based on gender; and

d.) constructively terminating Plaintiff.

44. But for the Defendants' intent to discriminate against Plaintiff because of his gender, Defendants would not have subjected him to discriminatory terms and conditions of employment, forced him to work in a sexually hostile environment, or retaliated against him by terminating him for attempting to assert his right to be free from workplace conduct made unlawful by the RIFEPA.

45. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has caused him extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT III
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
HOSTILE ENVIRONMENT
CONSTRICTIVE DISCHARGE
AND RETALIATION BASED ON GENDER

TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
42 U.S.C. §2000, ET SEQ.

47. Paragraphs 1-33 above are herein incorporated by reference in their entirety.

48. Defendants willfully engaged in a policy or practice of discriminating against Plaintiff in violation of Title VII.

49. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of Title VII, by:

e.) interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

f.) depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

g.) treating him in a hostile, demeaning, and otherwise unlawful manner based on his gender;

h.) causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his personal and professional reputation.

50. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Langton's gender. Such practices include, but are not limited to, Defendants':

a.) subject Plaintiff to discriminatory terms and conditions of employment;

b.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of his gender;

c.) retaliating against Plaintiff for asserting his rights to be free from discrimination based on gender; and

d.) constructively terminating Plaintiff.

51. But for the Defendants' intent to discriminate against Plaintiff because of his gender, Defendants would not have subjected him to discriminatory terms and conditions of employment, forced him to work in a sexually hostile environment, or retaliated against him by constructively terminating him for attempting to assert his right to be free from workplace conduct made unlawful by Title VII.

52. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the

employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has cause him extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendants institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender;

b.) an order that the Defendants make whole the Plaintiff with appropriate promotional opportunities, lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to his valuable reputation, in amounts to be determined at trial;

d.) an order that the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

VERIFICATION

I verify that I have read the factual allegations contained above, that I have personal knowledge of the facts, and that the facts stated in this Complaint are true to the best of my knowledge and recollection. The foregoing statements are signed under the pains and penalties of perjury on this 20th day of September 2005.

Arthur Langton

NOTARY

On this the 20th day of September 2005, the above appeared before me, and personally known to me, and being first sworn, deposed that the foregoing statements are true.

NOTARY PUBLIC

My commission expires: 8/13/07

Respectfully Submitted,
Arthur Langton
By His Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: [X] FEPA [ ] EEOC

CHARGE NUMBER:

R I Commission For Human Rights and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. Arthur E. Langton | (401) 861-4694 |

| STREET ADDRESS / CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| 268 Langdon Street, Providence, RI 02904 | 02/19/1975 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| "McDonald's Corporation" | Cat A (15-100) | |

| STREET ADDRESS / CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 2915 Jorie Boulevard, Oak Brook, IL 60523 | 043 |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| Lonquist Management Co., Llc | |

| STREET ADDRESS / CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 1622 Nooseneck Road, Coventry, R I 02816 | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

[ ] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[ ] RETALIATION [ ] AGE [ ] DISABILITY [X] OTHER *(Specify)* Fepa Statue-Other

DATE DISCRIMINATION TOOK PLACE
*EARLIEST* 06/01/2004 *LATEST* 10/15/2004
[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*:

1. I was subjected to discriminatory terms and conditions of employment, including sexual harassment, by my former employer, "McDonald's Corporation"/Lonquist Management Co., LLC. I was employed as a cashier until my constructive discharge on or about October 15, 2004.

2. Respondent took no action to correct the discriminatory treatment I forced to endure.

3. I was discriminated against on the basis of my sex (male) and sexual orientation (heterosexual) in that I was subjected to sexual harassment of both a verbal and physical nature, which I neither wanted or encouraged. Commencing in or around April 2003 and continuing throughout my employment respondent managers made derogatory comments about my sexual orientation. The store manager, Eric Boswell told me that I should change my sexual orientation from heterosexual to homosexual so that I could be more popular with boys. I was often harassed because of my sexual preference. Assistant Manager, John Woody and "Leo", a maintenance worker made numerous sexually inappropriate remarks and jokes to me. I did not encourage this behavior. In or around September 2004, a crew member touched my buttocks and made lewd noises when in close proximity to me. My complaints to management and the corporate office were futile. The hostile work environment became so intolerable that I was forced to terminate my employment on or about Oct. 15, 2004

** Text is Continued on Attached Sheet(s) **

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

X 2/23/05 X [signature]
Date Charging Party (Signature)

SIGNATURE OF COMPLAINANT
X [signature]

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Month, day and year) [signature] / Comm. exp. 1/15/05

RILIC 4/4/2005
Dxo 2/21/06

EEOC FORM 5 (Rev. 07/99)

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Arthur E. Langton**
**268 Langdon Street**
**Providence, RI 02904**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16J-2005-00090** | **Rance A. O'Quinn, Enforcement Supervisor** | **(617) 565-3192** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Robert L. Sanders,**
**Area Office Director**

JUL 14 2005
*(Date Mailed)*

Enclosure(s)

cc: **Charles H. Bell**
**MCDONALD'S CORPORATION**
**2915 Jorie Boulevard**
**Oak Brook, IL 60523**

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 05 ESE 156-06/50 EEOC NO. 16JA500090

In the matter of

Arthur E. Langton
Complainant

Against

**NOTICE OF RIGHT TO SUE**

"McDonalds Corporation"/
Lonquist Management Co, LLC
Respondent

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY (90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

6/29/05 — Date

[signature] — Michael D. Évora
Executive Director

*******************************************************************************

NOTICE OF RIGHT TO SUE
PAGE TWO

Section 28-5-24.1 of the General Laws of Rhode Island

(a) A complainant may ask for a right to sue in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the right to sue within thirty (30) days after receipt of such request. This shall terminate all proceedings by the Commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in Section 28-5-24 within ninety (90) days after the granting of such request. Any party may claim a trial by jury.

CC: Stephen Fanning, Esq
Anthony DiOrio, Esq
Richard Lonquist
Kathy Naatz
Bruce Leach, Esq, Agent for Service
Prentice-Hall Corporation System, Agent for service McDonald's Corporation
Charles Bell, President "McDonald's Corporation