UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND
-------------------------------------------------------------X
ARTHUR E. LANGTON,                          :
                                            :
                            Plaintiff,      :
                                            :
        - against -                         :          C.A. No.: 05-404S
                                            :
McDONALD'S CORPORATION &                    :
LONQUIST MANAGEMENT CO., LLC.,              :          ANSWER OF DEFENDANT
                                            :          LONQUIST MANAGEMENT
                            Defendants.     :
-------------------------------------------------------------X


        Defendant Lonquist Management Co., LLC, ("Defendant"), by and through their

attorneys, Jackson Lewis LLP, for its Answer to the Complaint herein state as follows:


## AS TO THE "INTRODUCTORY STATEMENT"

        Defendant denies each and every allegation set forth in the "Introductory

Statement" Unnumbered Paragraph of the Complaint, except admit that Plaintiff commenced an

action against Defendant.


## AS TO "JURISDICTION AND VENUE"

        1.      Defendant denies each and every allegation set forth in Paragraph 1 of the

Complaint, except admit that Plaintiff purports to invoke this Honorable Court's jurisdiction.

        2.      Defendant denies each and every allegation set forth in Paragraph 2 of the

Complaint, except admit that Plaintiff purports to invoke the supplemental jurisdiction of this

Court pursuant to, *inter alia*, 28 U.S.C. § 1367(a).

1

3.      Defendant denies each and every allegation set forth in Paragraph 3 of the Complaint and its subparts, except admit that Plaintiff purports to invoke the jurisdiction of this Court pursuant to, *inter alia*, 28 U.S.C. § 1391(b), 42 U.S.C.§2000e-5(f)(3) and the doctrine of pendent jurisdiction and allegedly that venue is proper before this Honorable Court.

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 4 of the Complaint.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 5 of the Complaint.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 6 of the Complaint.

## AS TO "THE PARTIES"

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 7 of the Complaint, except admit that Plaintiff is an individual.

8.      Defendant denies each and every allegation set forth in Paragraph 8 of the Complaint.

9.      Defendant denies each and every allegation set forth in Paragraph 9 of the Complaint, except admit that Defendant Lonquist Management Co., LLC is a legal entity existing by virtue of the laws of the State of Rhode Island.

10.     Defendant denies each and every allegation set forth in Paragraph 10 of the Complaint, except admit that Plaintiff was an employee of Lonquist Management Co., LLC at certain times in the past.

11.     Defendant denies each and every allegation set forth in Paragraph 11 of the Complaint.

12.     Defendant denies each and every allegation set forth in Paragraph 12 of the Complaint.

13.     Defendant denies each and every allegation set forth in Paragraph 13 of the Complaint.

14.     Defendant denies each and every allegation set forth in Paragraph 14 of the Complaint.

15.     Defendant denies each and every allegation set forth in Paragraph 15 of the Complaint.

## AS TO "FACTS APPLICABLE TO EACH COUNT"

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 16 of the Complaint, except admit that Plaintiff's appearance would indicate gender as being male.

17.     Defendant denies each and every allegation set forth in Paragraph 17 of the Complaint, except admit that Plaintiff was employed for a period of time for Defendant Lonquist Management Co., Inc.

18.     Defendant admits the allegations set forth in Paragraph 18 of the Complaint, and further admits that Plaintiff was often utilized as a trainer.

19.     Defendant denies each and every allegation set forth in Paragraph 19 of the Complaint.

20.     Defendant denies each and every allegation set forth in Paragraph 20 of the Complaint, except admit that Plaintiff voluntarily terminated his position at some point in time, gave two weeks notice to his employer, and worked the entire two week period, also stating as a reason for his voluntary termination that "it was time to move on".

21.     Defendant denies each and every allegation set forth in Paragraph 21 of the Complaint.

22.     Defendant denies each and every allegation set forth in Paragraph 22 of the Complaint.

23.     Defendant denies each and every allegation set forth in Paragraph 23 of the Complaint.

24.     Defendant denies each and every allegation set forth in Paragraph 24 of the Complaint.

25.     Defendant denies each and every allegation set forth in Paragraph 25 of the Complaint.

26.     Defendant denies each and every allegation set forth in Paragraph 26 of the Complaint.

27.     Defendant denies each and every allegation set forth in Paragraph 27 of the Complaint.

28.     Defendant denies each and every allegation set forth in Paragraph 28 of the Complaint, and further alleges that Plaintiff voluntarily terminated his position at some point in time, gave two weeks notice to his employer, and worked the entire two week period, also stating as a reason for his voluntary termination that "it was time to move on".

29.     Defendant can neither admit nor deny what Plaintiff "believes", and objects to this allegation as it does not aver facts but rather alleges an opinion or belief, which is entirely improper in a pleading.

30.     Defendant denies each and every allegations, as a matter of law, as set forth in Paragraph 30 of the Complaint.

31.     Defendant denies each and every allegation set forth in Paragraph 31 of the Complaint.

32.     Defendant denies each and every allegation set forth in Paragraph 32 of the Complaint.

33.     Defendant denies each and every allegation set forth in Paragraph 33 of the Complaint.

### AS TO "COUNT I"

34.     Defendant repeats and realleges its responses to Paragraphs 1 through 33 inclusive of the Complaint as though fully set forth here in response to Paragraph 34 of the Complaint.

35.     Defendant denies each and every allegation set forth in Paragraph 35 of the Complaint.

36.     Defendant denies each and every allegation set forth in Paragraph 36 of the Complaint.

37.     Defendant denies each and every allegation set forth in Paragraph 37 of the Complaint.

38.     Defendant denies each and every allegation set forth in Paragraph 38 of the Complaint.

39.     Defendant denies each and every allegation set forth in Paragraph 39 of the Complaint.

**WHEREFORE**, Defendant prays that judgment be entered in favor of Defendant herein and that this Count be dismissed in its entirety, with prejudice, costs and such other and further relief as may be just and proper.

## AS TO "COUNT II"

40.     Defendant repeats and realleges its responses to Paragraphs 1 through 39 inclusive of the Complaint as though fully set forth here in response to Paragraph 40 of the Complaint.

41.     Defendant denies each and every allegation set forth in Paragraph 41 of the Complaint.

42.     Defendant denies each and every allegation set forth in Paragraph 42 of the Complaint.

43.     Defendant denies each and every allegation set forth in Paragraph 43 of the Complaint.

44.     Defendant denies each and every allegation set forth in Paragraph 44 of the Complaint.

45.     Defendant denies each and every allegation set forth in Paragraph 45 of the Complaint.

46.     There is no Paragraph 46 contained in Plaintiff's Complaint.

6

**WHEREFORE**, Defendant prays that judgment be entered in favor of Defendant herein and that this Count be dismissed in its entirety, with prejudice, costs and such other and further relief as may be just and proper.

## AS TO "COUNT III"

47.     Defendant repeats and realleges its responses to Paragraphs 1 through 46 inclusive of the Complaint as though fully set forth here in response to Paragraph 47 of the Complaint.

48.     Defendant denies each and every allegation set forth in Paragraph 48 of the Complaint.

49.     Defendant denies each and every allegation set forth in Paragraph 49 of the Complaint.

50.     Defendant denies each and every allegation set forth in Paragraph 50 of the Complaint.

51.     Defendant denies each and every allegation set forth in Paragraph 51 of the Complaint.

52.     Defendant denies each and every allegation set forth in Paragraph 52 of the Complaint.

**WHEREFORE**, Defendant prays that judgment be entered in favor of Defendant herein and that this Count be dismissed in its entirety, with prejudice, costs and such other and further relief as may be just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays that judgment be entered in favor of Defendant on all Counts so alleged, that Plaintiff's Prayer for Relief be denied in its entirety and with prejudice against Plaintiff, together with such other and further relief as my be deemed just, proper and equitable in the premises, including an award of costs to Defendant.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because it fails to state, in whole or in part, a cause of action upon which relief could be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy the statutory prerequisites for filing such claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because at all times relevant hereto, Defendant acted in good faith and for good cause and has not violated any rights which may be secured to Plaintiff under Federal, State or local laws, rules, regulations or guidelines.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim, in whole or in part, upon which liquidated or punitive damages and/or attorneys' fees may be awarded.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim, in whole or in part, upon which

8

compensatory damages may be awarded.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the election of remedies.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the Rhode Island Workers' Compensation Laws.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because all actions, if any, taken by Defendant with respect to Plaintiff were undertaken in good faith for legitimate business reasons unrelated to Plaintiff's gender and not related to any allegations of sexual harassment.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to avail himself of the Defendant's policies and procedures and never reported any of the claimed acts he alleges in his Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or any recovery of damages is precluded because the Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory or harassing behavior.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of the Defendant's preventive or corrective opportunities to avoid harm otherwise.

9

**WHEREFORE**, Defendant respectfully requests that this Court:

a)      Dismiss Plaintiff's Complaint in its entirety and all claims for relief set

forth therein, with prejudice;

b)      Deny each and every demand for relief as set forth in Plaintiff's

Complaint;

c)      Grant such other and further relief as this Court deems appropriate; and

any and all other damages, together with interest, incurred by Defendant in

defending against this baseless and frivolous action.


Respectfully submitted,

JACKSON LEWIS LLP
127 Dorrance Street
4th Floor
Providence, Rhode Island 02903
Telephone: (401) 490-3444

*and*

One North Broadway, Suite 1502
White Plains, New York 10601
Telephone: (914) 328-0404


By:_____
Anthony J. DiOrio (#3419)

ATTORNEYS FOR DEFENDANT
LONQUIST MANAGEMENT CO., INC.

10

Dated:          November 7, 2005
                Providence, Rhode Island

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**
-----------------------------------------------------------X

ARTHUR E. LANGTON,                                          :
                                                           :
                                    Plaintiff,             :
                                                           :
           - against -                                     :      C.A. No.: 05-404S
                                                           :
McDONALD'S CORPORATION &                                    :
LONQUIST MANAGEMENT CO., LLC.,                              :      Certificate of Service
                                                           :
                                    Defendants.            :
-----------------------------------------------------------X

        The undersigned hereby certifies that a true and correct copy of Defendant's

Answer to Plaintiff's Complaint has been served by mailing a copy of the same, via First Class

United States mail, this 7th day of November, 2005, to:


                        Stephen T. Fanning, Esq.
                        305 South Main Street
                    Providence, Rhode Island 02903



                                    _____
                                            Anthony J. DiOrio