UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ARTHUR E. LANGTON, Plaintiff | ) | C.A. No. 05-404-S(DLM) |
| v. | ) | |
| MCDONALD'S CORPORATION and LONQUIST MANAGEMENT CO., LLC., Defendants | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant McDonald's Corporation ("McDonald's"), by its undersigned attorneys, hereby answers the Complaint in this matter as follows:

**BY WAY OF ANSWER:**

**INTRODUCTORY STATEMENT:**

McDonald's denies the allegations of the first paragraph of the Complaint, except to admit that plaintiff commenced this action.

**JURISDICTION AND VENUE:**

1. McDonald's denies the allegations set forth in Paragraph 1 of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court pursuant to the statutory provisions referred to therein.

2. McDonald's denies the allegations set forth in Paragraph 2 of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court pursuant to the theories and statutory provisions referred to therein.

3. McDonald's denies the allegations set forth in Paragraph 3 of the Complaint, except admits that plaintiff purports to establish proper venue in this Court pursuant to the claims and statutory provisions referred to therein. McDonald's specifically denies that it

maintains a place of business at the address specified.

4. McDonald's denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 4 of the Complaint.

5. McDonald's denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 5 of the Complaint.

6. McDonald's denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 6 of the Complaint.

## THE PARTIES

7. McDonald's denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains conclusions of law to which no response is required; to the extent an answer may be deemed required, McDonald's denies the allegations of paragraph 8.

9. McDonald's denies the allegations of paragraph 9 of the Complaint, except to admit that McDonald's is a corporation organized under the laws of the state of Delaware, with a principal place of business at 2915 Jorie Boulevard, Oak Brook, Illinois.

10. McDonald's denies the allegations contained in paragraph 10 of the Complaint, except that McDonald's lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff was employed by defendant Lonquist Management Co., LLC ("Lonquist").

11. McDonald's denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 11 of the Complaint, except to deny that McDonald's employs 50 or more employees in the State of Rhode Island.

12. Paragraph 12 of the Complaint contains conclusions of law to which no response is required; to the extent an answer may be deemed required, McDonald's denies the allegations of paragraph 12.

13. McDonald's denies the allegations contained in paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint contains conclusions of law to which no response is required; to the extent an answer may be deemed required, McDonald's denies the allegations of paragraph 14.

15. McDonald's denies the allegations contained in paragraph 15 of the Complaint.

**FACTS APPLICABLE TO EACH COUNT**

16. McDonald's denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 16 of the Complaint.

17. McDonald's denies the allegations contained in paragraph 17 of the Complaint, except that McDonald's lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff was employed by defendant Lonquist.

18. McDonald's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. McDonald's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. McDonald's denies the allegations of paragraph 20 of the Complaint, except that McDonald's lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the termination of any employment relationship involving defendant Lonquist.

21. McDonald's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. McDonald's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. McDonald's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. McDonald's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. McDonald's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint. McDonald's denies that plaintiff made any complaints to McDonald's Corporation.

26. McDonald's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. McDonald's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint. McDonald's denies that plaintiff made any complaints to McDonald's Corporation.

28. McDonald's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. McDonald's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. McDonald's denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. McDonald's denies the allegations of paragraph 31 of the Complaint.

32. McDonald's denies the allegations of paragraph 32 of the Complaint.

33. McDonald's denies the allegations of paragraph 33 of the Complaint.

**COUNT I**

34. In response to paragraph 34 of the Complaint, McDonald's incorporates by reference its responses to paragraphs 1 through 33 above.

35. McDonald's denies the allegations of paragraph 35 of the Complaint.

36. McDonald's denies the allegations of paragraph 36 of the Complaint.

37. McDonald's denies the allegations of paragraph 37 of the Complaint.

38. McDonald's denies the allegations of paragraph 38 of the Complaint.

39. McDonald's denies the allegations of paragraph 39 of the Complaint.

The paragraph following paragraph 39 of the Complaint contains a prayer for relief to which no response is required; McDonald's specifically denies that plaintiff is entitled to any relief whatsoever against McDonald's Corporation, or any other relief whatsoever.

**COUNT II**

40. In response to paragraph 40 of the Complaint, McDonald's incorporates by reference its responses to paragraphs 1 through 33 above.

41. McDonald's denies the allegations of paragraph 41 of the Complaint.

42. McDonald's denies the allegations of paragraph 42 of the Complaint.

43. McDonald's denies the allegations of paragraph 43 of the Complaint.

44. McDonald's denies the allegations of paragraph 44 of the Complaint.

45. McDonald's denies the allegations of paragraph 45 of the Complaint.

46. No paragraph 46 appears in the Complaint.

The paragraph following paragraph 46 of the Complaint contains a prayer for relief to which no response is required; McDonald's specifically denies that plaintiff is entitled to any relief whatsoever against McDonald's Corporation, or any other relief whatsoever.

**COUNT III**

47. In response to paragraph 47 of the Complaint, McDonald's incorporates by reference its responses to paragraphs 1 through 33 above.

48. McDonald's denies the allegations of paragraph 48 of the Complaint.

49. McDonald's denies the allegations of paragraph 49 of the Complaint.

50. McDonald's denies the allegations of paragraph 50 of the Complaint.

51. McDonald's denies the allegations of paragraph 51 of the Complaint.

52. McDonald's denies the allegations of paragraph 52 of the Complaint.

The paragraph following paragraph 52 of the Complaint contains a prayer for relief to which no response is required; McDonald's specifically denies that plaintiff is entitled to any relief whatsoever against McDonald's Corporation, or any other relief whatsoever.

The remainder of the Complaint constitutes a further prayer for relief, to which no response is required. McDonald's specifically denies that plaintiff is entitled to any of the relief demanded as to McDonald's Corporation, or any other relief whatsoever.

McDonald's denies all allegations of the Complaint not otherwise answered above.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

McDonald's did not employ the plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

McDonald's is not responsible to the plaintiff as a joint employer.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by failure to satisfy the statutory

and/or administrative prerequisites to the filing of this action.

**FOURTH AFFIRMATIVE DEFENSE**

If plaintiff has suffered any injury, which McDonald's denies, such injury is the result of the acts or omissions of the co-defendant or a third party.

**FIFTH AFFIRMATIVE DEFENSE**

If plaintiff has suffered any injury, which is denied, such injury was the result of plaintiff's own acts or omissions, and not the result of any act or omission of McDonald's.

**SIXTH AFFIRMATIVE DEFENSE**

McDonald's took no adverse action against the plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

If the plaintiff has suffered any injury, which is denied, his recovery is barred by his failure to mitigate his damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff failed to complain to McDonald's about any allegedly improper conduct and failed to avail himself of preventive, corrective, or remedial policies of McDonald's or to avoid harm otherwise.

WHEREFORE, defendant McDonald's Corporation respectfully requests that the plaintiff's Complaint be dismissed with prejudice, that McDonald's be awarded its costs, and that the Court grant such other and further relief as the Court may deem appropriate.

Gordon P. Cleary, Esq., No. 1948
VETTER & WHITE
Attorneys for Defendant McDonald's Corporation
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Of Counsel:

Mark W. Batten, Esq.
Eben A. Krim, Esq.
PROSKAUER ROSE LLP
One International Place - 22nd Floor
Boston, Massachusetts 02110-2600
(617) 526-9850
(617) 526-9899 FAX

Dated: November 14, 2005

## CERTIFICATE OF SERVICE

To:

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903

Anthony J. DiOrio, Esq.
Jackson Lewis LLP
127 Dorrance Street - 4th Floor
Providence, RI 02903

I hereby certify that I served on the above-named counsel of record a copy of the within Answer and Affirmative Defenses by mailing first class mail, postage prepaid, on the 14th day of November, 2005.

Lisa A. Laruree